## Case No. 4,165.

### DUNLEVY v. MOWRY.

[2 Bond, 214.][1]

Circuit Court, S. D. Ohio. Oct. Term, 1868.

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

R. M. Corwine, for plaintiff.
Burnett & Follett, for defendant.

CHARGE OF THE COURT. The material facts touching the controversy between these parties are not in dispute. The facts seem to be, in substance, that in the year 1859, the plaintiff was the holder and owner of twenty-one thousand dollar bonds of the Covington and Lexington Railroad, secured by the third mortgage on the road. The defendant, at the same time, was the owner of sixty-one bonds of $1,000 each, which he desired to sell. The plaintiff transferred to the defendant the twenty-one bonds held by him, with the understanding, as he claims, that the defendant was to account to him for the amount for which the bonds should be sold. The plaintiff alleges that in September, 1859, the defendant made a sale of eighty-one bonds, including the twenty-one transferred by him, at the rate of fifty cents on the dollar; and that defendant reported the sale at only thirty-seven and a half cents on the dollar, at which rate he settled with the plaintiff.

The claim in this action is for the difference between fifty and thirty-seven and a half cents on the dollar on the twenty-one bonds transferred by the plaintiff to the defendant. The defendant has filed the plea of the general issue, which denies the cause of action, and also a plea of the statute of limitations. Both the parties have testified as witnesses in the case, and the only question for the decision of the jury is, whether from the facts in evidence there was an absolute sale of the twenty-one bonds to the defendant at the rate he might be able to effect a sale in the market, or whether they were put into his hands, as the agent or bailee of the plaintiff, with the implied understanding that the defendant was to account for the proceeds at the rate at which a fair sale should be effected. The jury have heard the evidence adduced by the parties bearing upon this issue. It is not the intention of the court to detain the jury by any detailed statement of the facts in proof. They will decide for themselves upon the weight and conclusiveness of the evidence. And it will be only necessary for the court to remind the jury, that if, as claimed by the defendant, there was a positive sale by the plaintiff of the twenty-one bonds at a price agreed on, the absolute property in the bonds was thereby vested in the defendant, and he had a perfect right to sell them at the best price he could procure, and he can not be held liable to the plaintiff beyond the rate agreed to be paid. If he purchased at thirty-seven and a half for the dollar and sold at fifty cents, the advance or profit belongs to him. On the other hand, if the jury find that without any price named or agreed on when the twenty-one bonds were delivered to the defendant, he took them as the agent or bailee of the plaintiff, it is beyond dispute that he is bound to account for the actual price for which they were sold, subject only to a deduction for reasonable charges for commission. And here it is suggested as worthy of the consideration of the jury, whether the evidence of the defendant establishes the fact of an absolute sale of the bonds. If his statement was understood by the court, it was to the effect that the bonds were placed in his hands by the plaintiff to be disposed of on the same terms as his own. And if the jury find this to be the true character of this transaction, and that the bonds were sold at fifty cents on the dollar, and that the defendant accounted to the plaintiff at the rate of thirty-seven and a half cents on the dollar, it follows clearly as a legal result, that the defendant is liable to the plaintiff for the difference between those two rates.

It is not necessary to discuss the question arising on the plea of the statute of limitations, for the statute can not be held to commence running until the plaintiff was apprised of the fact that the bonds were sold at a higher rate than that at which the defendant accounted to the plaintiff. The claim for the difference, for which this action is brought, dates only from the time when the plaintiff became acquainted with the actual price for which the bonds were sold. The statute of Ohio fixes the bar at six years, but six years had not elapsed between that discovery and the commencement of this action. In this view, it is clear the plaintiff's claim is not barred.